UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

NATASHA LEKWA, on behalf of herself
and other members of the putative
class,                                          **MEMORANDUM & ORDER**
                                                 25-CV-69(EK)(RML)
                     Plaintiff,

          -against-

THE COCA-COLA COMPANY,

                     Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Natasha Lekwa brought this action in the New York Supreme Court, Kings County, pursuant to New York State's consumer protection statute.  She alleged that defendant Coca-Cola deceptively marketed its POWERADE "Mountain Berry Blast" sports drink.  Compl. ¶¶ 12, 81, ECF No. 1-1.  Lekwa asked the state court to certify a class and appoint her lead plaintiff. *Id.* at 22.  Before the state court ruled on that request, Coca-Cola removed the action to this Court.  Not. of Removal, ECF No. 1.  Plaintiff now seeks remand.  Mot. to Remand, ECF No. 5.  For the reasons that follow, plaintiff's motion is granted.

## I.   Background

          Plaintiff originally filed this action under the deceptive business practices and false advertising provisions of New York General Business Law ("GBL").  Compl. ¶¶ 67-91; *see*

N.Y. Gen. Bus. L. §§ 349, 350 (McKinney 2026).[1]  She alleged that a statement on the sports drink's label — "50% More Electrolytes* vs The Leading Sports Drink" — misled consumers to believe that the product "contained a dietarily significant amount of additional electrolytes."  Compl. ¶¶ 9, 81.  Lekwa styled her state-court pleading as a "Class Action Complaint."  *See id.* at 1.  In her prayer for relief, she asked the state court to "declar[e] this a proper class action" and "certify[] Plaintiff as representative" thereof.  *Id.* at 22.

Defendant removed the case pursuant to the Class Action Fairness Act ("CAFA").  Not. of Removal ¶¶ 16-17; *see* 28 U.S.C. § 1332(d) (CAFA); 28 U.S.C. § 1441(a) (defendant may remove "any civil action brought in a State court of which" the district court has "original jurisdiction").  CAFA provides original jurisdiction over class actions when (a) the proposed class involves 100 or more class members; (b) the matter in controversy exceeds $5,000,000; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (summarizing these requirements).

---

[1] Section 349 prohibits "[d]eceptive . . . acts [and] practices in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. L. § 349.  Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. L. § 350.

The parties dispute only the second of these elements — the amount-in-controversy requirement. This dispute turns primarily on whether plaintiff is permitted to seek *statutory* damages under GBL §§ 349 and 350.

Section 349 provides that a plaintiff may bring an action to recover his "actual damages or fifty dollars, whichever is greater," N.Y. Gen. Bus. L. § 349(h), while Section 350 permits a plaintiff to recover "actual damages or five hundred dollars, whichever is greater." *Id.* § 350-e(3). However, Section 901(b) of the New York Civil Practice Law and Rules prohibits *class actions* that seek statutory damages, including for claims brought under the GBL provisions at issue here. *See* N.Y. Civ. Prac. L. & Rules § 901(b).

Plaintiff argues that Section 901(b) bars statutory damages in this case because she filed in state court, where those damages were unavailable in her chosen vehicle (a class action). Pl. Mem. in Supp. of Mot. to Remand ("Pl. Mem.") 14-15, ECF No. 13. The parties agree that, if the class recovery is indeed limited to compensatory damages for Mountain Berry Blast, no ultimate award can satisfy the CAFA threshold: the *total* "retail sales of 20-ounce bottles of Mountain Berry Blast POWERADE" in New York in the relevant period was $3,205,142. Pl. Mem. 10 (citing Decl. of Joshua Radler ¶¶ 3, 8, ECF No. 1-2).

3

Coca-Cola makes two primary arguments in response. First, it argues that Section 901(b)'s prohibition on statutory damages in class actions does not apply in federal court, and that such damages should therefore be counted towards the amount-in-controversy.  Def. Opp'n to Pl.'s Mot. to Remand ("Def. Opp'n") 19, ECF No. 15.  This is because Federal Rule of Civil Procedure 23 — which would permit statutory damages in a class action — displaces Section 901(b), thereby permitting statutory damages in a removed class action.  *Id.*  And, the company argues, a class-wide award of statutory damages would exceed CAFA's jurisdictional threshold.  *Id.*  Second, it asserts that the complaint places in controversy sales of *all* POWERADE flavors with the challenged statement (not just Mountain Berry Blast), and that the sum of all such sales independently satisfies CAFA's threshold.  *Id.* at 12.

## II.  Legal Standard

On a motion to remand for lack of subject matter jurisdiction, the "party seeking removal bears the burden of showing that federal jurisdiction is proper."  *Montefiore Med. Ctr. v. Teamsters Loc.* 272, 642 F.3d 321, 327 (2d Cir. 2011).[2] Thus, Coca-Cola "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

are in excess of $5 million."  *Blockbuster,* 472 F.3d at 58.

### III. Discussion

**A.    Statutory Damages Must Be Excluded From The Amount-In-Controversy Calculation**

The Second Circuit has not decided the question presented here.  But at least five district judges in the Circuit have, in reasoned opinions — and they have uniformly concluded that the amount-in-controversy calculation should be made in accordance with Section 901(b)'s bar on statutory damages in class actions.[3]  As those judges pointed out, district courts assess the amount in controversy at the time of filing in state court.  *See, e.g., Solana v. Target Corp.,* No. 25-CV-00298, 2025 WL 2783563, at *1 (E.D.N.Y. Sep. 30, 2025) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007)).

"Under the time-of-filing rule, subject-matter jurisdiction depends on the state of things at the time of the action brought."  *Id.*  The "time-of-filing rule" applies only to the "actual state of things relevant to jurisdiction — meaning,

---

[3] *See Ortiz v. Eagle Fam. Foods Grp. LLC*, No. 24-CV-9861, 2025 WL 951089, at *5 (S.D.N.Y. Mar. 28, 2025); *Melendez v. R.W. Garcia Co. Inc.*, No. 24-CV-9500, 2025 WL 1220903, at *7 (S.D.N.Y. Apr. 28, 2025); *Gay v. Walmart Inc.*, No. 25-CV-2326, 2025 WL 2602164, at *5 (S.D.N.Y. Sep. 8, 2025); *Solana v. Target Corp.*, No. 25-CV-298, 2025 WL 2783563, at *3 (E.D.N.Y. Sep. 30, 2025); *Sabath v. Haleon US Inc.*, No. 24-CV-8608, 2025 WL 2987555, at *2 (E.D.N.Y. Oct. 23, 2025).  One judge held otherwise in *Andersen v. Walmart Stores, Inc.*, No. 16-CV-6488, 2017 WL 661188, at *6 (W.D.N.Y. Feb. 17, 2017) (finding CAFA's threshold was satisfied in removed case by aggregating statutory damages).  But that court did not explicitly address whether Rule 23 or Section 901(b) governs in a removal case.  *Id.*

the facts on the ground." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5 (2025).

In most cases, the "state of things" that we must assess concerns jurisdictional facts, not the state of the law in the court in which we find ourselves. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-92 (1938) (court must analyze facts alleged on the "face of the complaint" filed in state court to determine if removal is proper). For example, in assessing whether diversity of citizenship exists, the court must determine the parties' individual domiciles at the time of filing in state court. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) ("[F]ederal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed."). The amount in controversy is also a "factual issue relevant to jurisdiction only at the suit's outset." *Royal Canin*, 604 U.S. at 38 n.8; *see also Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("[I]n determining amount in controversy, the courts look to the circumstances at the time the complaint is filed.").

Still, we take those facts in the light of the background law against which they appear. *Cf. Shady Grove Orthopedics, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399-400 (2010). In *Shady Grove*, plaintiff filed a class action alleging a violation of New York insurance law in *federal* court. *See id.*

at 397.  In accord with the time-of-filing rule, the Court determined that Federal Rule of Civil Procedure 23 applied, and that its criteria for maintaining a class action displaced C.P.L.R. Section 901(b)'s prohibition on class certification when statutory penalties are sought.  *See generally id.; cf. Solana*, 2025 WL 2783563, at *2 (distinguishing *Shady Grove* because the *Solana* plaintiff first filed class action in state court).

The applicability of state law at the time of filing also accords with the Supreme Court's twin observations in *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348 (1961).  On the one hand, the Court held there that the "determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards" — here, CAFA and other rules applicable to jurisdiction in removal cases.  *Id.* at 352.  At the same time, *Horton* counseled that "federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced" — here, the right to seek statutory damages.  *Id.; cf. A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("Only if punitive damages are permitted under the controlling [state] law are they includable in the calculation of the amount in controversy.").

To assess how much money plaintiff was demanding at the time of filing in state court, we look to her complaint. *See, e.g., DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276 (2d Cir. 2006). There, she was open-ended and generic: in her "Prayer for Relief," Lekwa sought a judgment "[a]warding monetary damages and interest" and "[o]ther and further relief as the Court deems proper." Compl. 22-23. The complaint contains no express reference to statutory damages.

To ascribe meaning to this general language, we "look to state law" as directed by *Horton* — both substantive and procedural law, given that the substance and procedure of this case were governed by state law prior to removal. And given that Lekwa had styled her suit as a putative class action, state law prohibited statutory damages.

That the outcome would be different if plaintiff had initially filed in federal court does not alter this analysis. The plaintiff is the "master of the complaint" and so "controls much about her suit," including where to file. *Royal Canin*, 604 U.S. at 35.

We recognize that this ruling is arguably in tension with at least one recent Supreme Court pronouncement: the majority's observation in *Royal Canin* that the "appropriateness of federal jurisdiction — or the lack thereof — does not depend on whether plaintiff first filed suit in federal or state

court." *Id.* at 38.  But that observation does not dictate a contrary result here.  The sentence in *Royal Canin* came in the context of the Court's discussion of an amended complaint.  *Id.* As the Court explained, "the very issue" in that case was whether, "in a removed case (as in an original one), an amended complaint dropping federal claims destroys jurisdiction."  *Id.* at 37.  But jurisdictional questions about claims and parties, *unlike* jurisdictional facts such as amount-in-controversy, are not measured only against the "state of things" at the time of filing.  *See id.* at 39 ("By adding or subtracting claims or parties, and thus reframing the suit, that [amended] pleading can alter a federal court's authority.").  So, when *Royal Canin* made this pronouncement, it meant that a court must assess jurisdiction based on what "the new [amended] complaint says" with respect to claims or parties.  *See id.* at 30.  The Supreme Court itself acknowledged this distinction.  *See id.* at 36 nn.5, 8.

Accordingly, the Court does not include statutory damages in its calculation of the amount in controversy.

**B.    Plaintiff's Proposed Class Is Limited to Purchasers of Mountain Berry Blast**

Defendant also argues that plaintiff cannot limit the class to purchasers of *just* Mountain Berry Blast because the same challenged statement "appears with equal prominence across

all POWERADE flavors." Def. Opp'n 9. Accounting for such sales "yields an amount in controversy of roughly $40 million." *Id.* at 14. In support of this argument, defendant relies on *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (class representative could not defeat CAFA jurisdiction by stipulating that he and the class would "not seek damages" in excess of $5 million). Plaintiff responds that her complaint *only* brings allegations concerning Mountain Berry Blast and defendant "cannot expand what is in the Plaintiff's complaint." Pl. Mem. 3-4.

Plaintiff is correct. Plaintiff is the "master of the claim," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and her complaint expressly identified the class as purchasers of twenty-ounce bottles of Mountain Berry Blast POWERADE. Compl. ¶ 9; *see also* 3 Newberg and Rubenstein on Class Actions § 7:27 (6th ed.) ("[T]he party moving for class certification, typically the plaintiff, will identify the proposed class."); *Baptiste v. ABM,* No. 20-CV-6626, 2020 WL 5038560, at *1 (S.D.N.Y. Aug. 26, 2020) (explaining that the court will not "assume facts that are not alleged in the complaint" and "find jurisdiction on the basis of pure speculation"). And *Standard Fire* is inapposite. Lekwa is not seeking to bind class members to a limited recovery, but instead is defining the class's

10

contours in the first instance.

Defendant also argues that in calculating the amount-in-controversy, the Court should account for the full purchase price of the sports drink rather than simply the price *premium*. Def. Opp'n 8.  But even under its proposed methodology, defendant cannot satisfy CAFA's jurisdictional threshold: the company concedes that *total* retail sales of Mountain Berry Blast containing the challenged statement fall below $5 million.  *Id.*; Radler Decl. ¶¶ 3, 8.  Accordingly, defendant has failed to establish with reasonable probability that the amount in controversy exceeds $5 million.

### IV.  Conclusion

For the foregoing reasons, the Court lacks subject-matter jurisdiction.  Plaintiff's motion to remand is granted. This action is remanded to the New York State Supreme Court, Kings County, under Index No. 522681/2024.  The Clerk of the Court is respectfully directed to send a certified copy of this Order to the Clerk of the New York State Supreme Court in Kings County.


SO ORDERED.


_____/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

11

Dated:    March 31, 2026
          Brooklyn, New York